UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Tuan BUSTAMANTE,
Defendant-Appellant.

No. 85–3682.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 19, 1986.

Decided Nov. 17, 1986.

Gerald S. Gold, Gold, Rotatori, Schwartz, Gibbons, Charles F. Clarke (argued), Squire, Sanders & Dempsey, Edward Coaxum, Jr., Cleveland, Ohio, for defendant-appellant.

Ann C. Rowland (argued), Asst. U.S. Atty., Cleveland, Ohio, for plaintiff-appellee.

Before MILBURN and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

Michael Tuan Bustamante appeals from his conviction by a jury verdict for making false statements on a loan application in violation of 18 U.S.C. § 1014.

Bustamante was charged with making false statements to the Ameritrust Bank and the Small Business Administration in order to secure a loan for a steel processing company, Falcon Steel Industries, Inc. Count One of the indictment charged Bustamante with falsely stating to Ameritrust: 1) that he had never previously requested government financing; 2) that he had made a $21,500 down payment for equipment for Falcon Steel; 3) that he had received a $12,600 loan from his father for a cash injection into Falcon Steel; and 4) that Wesley Toles and Melvin York attended a Falcon Steel Board of Directors meeting on September 26, 1980.

Count Two of the indictment charged Bustamante with making the same false statements to the Small Business Administration.

Five appellate issues were alleged and argued with vigor by appellant's counsel. As set forth below, however, our review

indicates that only two of them, the first and the fourth, require discussion.

### The Selective Prosecution Claim

Appellant's counsel argued that Busta-mante had been singled out for prosecution under a set of facts unmatched by any other prosecutions.[1] This court has established a standard test for a selective prosecution defense. In *United States v. Hazel*, 696 F.2d 473, 474–75 (6th Cir.1983), this court set forth a thorough discussion of the selective prosecution standard:

The basic authority on the question of selective prosecution remains *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962) wherein Justice Clark opined:

[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation. Even though the statistics in this case may imply a policy of selective enforcement, it was not stated that the selection was based upon an unjustifiable standard such as race, religion or other arbitrary classification. Therefore grounds supporting a finding of a denial of equal protection were not alleged.

368 U.S. at 456, 82 S.Ct. at 506 (citations omitted).

 Accordingly, it has been held that a defendant asserting selective prosecution:

... bears the heavy burden of establishing, *at least prima facie*, (1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, *and* (2) that the government's discriminatory selection of him has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights.

*United States v. Berrios*, 501 F.2d 1207, 1211 (2nd Cir.1974) (emphasis

added). This test has been recognized in a majority of circuits. *See, e.g., United States v. Murdock*, 548 F.2d 599 (5th Cir.1977); *United States v. Ojala*, 544 F.2d 940 (8th Cir.1976); *United States v. Bourque*, 541 F.2d 290 (1st Cir.1976); *United States v. Peskin*, 527 F.2d 71 (7th Cir.1975), *cert. denied*, 429 U.S. 818, 97 S.Ct. 63, 50 L.Ed.2d 79 (1976); *United States v. Scott*, 521 F.2d 1188 (9th Cir.1975), *cert. denied*, 424 U.S. 955, 96 S.Ct. 1431, 47 L.Ed.2d 361 (1976). *See also United States v. Cooper*, 577 F.2d 1079, 1086 (6th Cir.), *cert. denied*, 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978); *United States v. Legget & Platt, Inc.*, 542 F.2d 655, 658 (6th Cir. 1976), *cert. denied*, 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977).

 Therefore, it is only when this prima facie showing has been made and the defendant has proven a "colorable entitlement" to a dismissal for selective prosecution, that an evidentiary hearing should be held. *United States v. Brown*, 591 F.2d 307, 310–11 (5th Cir.1979). A mere allegation that the exercise of First Amendment rights led to the prosecution does not mandate a full evidentiary hearing. Rather, "[a] hearing is necessary only when the motion alleges sufficient *facts* to take the question past the frivolous state and raises a reasonable doubt as to the prosecutor's purpose." *United States v. Larson*, 612 F.2d 1301, 1304–05 (8th Cir.1980) (emphasis added).

 Our review of this record does not show that appellant has carried the heavy burden described by this court in *Hazel*.

We turn now to the only error which we perceive was made by the District Judge who presided over this vigorously contested case.

During the jury's consideration of its verdict it submitted a question to the judge as follows:

---

1. Actually, the government's evidence encompassed proofs as to seven cases in which individuals were prosecuted for making false state-

ments even though no loss had been suffered by the government, or repayment had been made prior to the indictment, or both.

There are four items under Count One. If we arrive at a unanimous verdict of guilty on any one of the four items, is it necessary to have a unanimous decision on the remaining three items. The same question as to Count 2.

Joint Appendix 442.

The District Judge responded to this question in writing as follows: "the answer is no. See page 19, paragraph 2, of the instructions." The paragraph just referred to reads as follows:

> As I indicated when summarizing the charges in Counts 1 and 2 of the indictment, each count charges that the defendant made several false statements. In order to convict the defendant on either count, the jury must be unanimous as to at least one of the alleged false statements charged in the count.

Joint Appendix 473.

■ It is, of course, clear that it was error for the trial judge to respond to the jury's question other than in open court and in the presence of counsel for both sides.

This error, however, does not automatically compel reversal of this otherwise well tried case. In several well considered cases where the court's error was clearly harmless, circuit courts have applied the harmless error rule. See *United States v. Arriagada*, 451 F.2d 487, 488 (4th Cir. 1971), *cert. denied*, 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972), *quoting United States v. Compagna*, 146 F.2d 524, 528 (2d Cir.), *cert. denied*, 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422 (1944).

We have considered whether or not this instruction as given, although clearly erroneously given, was also either confusing or misleading to the jury or potentially harmful to the defendant.

Our review demonstrates to us that the instruction was correct and that no harm to the defendant could have come therefrom.

We have considered in detail each of the other three questions submitted by appellant and find no merit in them.

The judgment of the District Court is affirmed.