852 F.2d 569
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Novice Dan HARRIS, Defendant-Appellant.
 No. 87-5840.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1988.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and JULIAN A. COOK, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Novice Dan Harris, appeals his conviction for possession of marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). He contends that information obtained from his son, which was used to procure a search warrant, should be declared privileged under a parent-child privilege pursuant to Rule 501 of the Federal Rules of Evidence, and that he was deprived of due process of law because he was the subject of an impermissible selective prosecution.
 
 
 2
 Harris' sixteen-year-old son, Tommy Harris, was questioned in November 1981 at his high school by the school principal, the county juvenile officer, and possibly others, after being found with a small quantity of marijuana in his possession. He gave a statement, later reduced to writing and signed by him, indicating that his father was growing, harvesting, and selling marijuana from the family's residence in rural Tennessee. There was no evidence that his statement was not voluntary. Tommy Harris was then questioned by investigators at the Robertson County Sheriff's Office. While he was in custody there, an investigator drove to the residence to verify as much of his statement as possible. The investigator then returned and obtained a search warrant from the magistrate, based upon the statement Tommy Harris made at school and upon his own observation of the residence. Tommy was never charged with any offense.
 
 
 3
 The search warrant was served and the elder Harris was arrested after a large quantity of processed marijuana and drug paraphernalia was found in the search. Harris was indicted in February 1982 by a Tennessee grand jury. His motion to suppress the evidence seized pursuant to the search warrant was granted by the state trial court in May 1982, due to a technical defect in the warrant under Tennessee law. Prosecution appeals were unsuccessful and terminated in June 1984.
 
 
 4
 Harris was indicted by a federal grand jury in July 1984 under federal law for possession of marijuana and methaqualone with intent to distribute, and possession of an unlawful firearm. Harris fled before a federal arrest warrant could be served, and was not apprehended until February 1987 in Louisville, Kentucky.
 
 
 5
 Before his federal trial, Harris moved to dismiss the indictment claiming selective prosecution, contending that the county prosecutor requested the United States Attorney to obtain the indictment because of Harris' successful prosecution of a civil rights suit against the county sheriff and his deputies. The suit was based upon a beating he received while under arrest on the state charges. He also sought to suppress the evidence seized, on the ground that the information upon which the search warrant was based was obtained in violation of Tommy Harris' right against self-incrimination. Harris did not assert a parent-child privilege. Both motions were denied prior to trial. A jury returned a guilty verdict in May 1987 against Harris for possession of marijuana with intent to distribute, and he was sentenced to four years with a special parole term of two years. This appeal followed.
 
 
 6
 Harris first contends that a parent-child privilege under Fed.R.Evid. 501 should operate to exclude the evidence seized pursuant to the search warrant.
 
 
 7
 A parent-child privilege did not exist at common law and this circuit has not recognized such a privilege. United States v. Ismail, 756 F.2d 1253, 1258 (6th Cir.1985); see generally, E. Cleary, McCormick on Evidence Secs. 72-86 (3d ed. 1984) (scope and effect of privileges). Moreover, even if such a privilege were recognized in this circuit, it presumably would be modeled after the spousal privilege and the facts here would not permit Harris to invoke it.
 
 
 8
 The information in Tommy's statement was not based upon a confidential communication between father and son, but upon the son's own knowledge and observation. In addition, the information was elicited from Tommy while investigating Tommy's possible involvement in criminal activities. To allow Harris to invoke a parent-child privilege to exclude that information would give the proposed privilege a broader sweep than that of the spousal privilege. See Trammel v. United States, 445 U.S. 40 (1980). And, the public policy reason given for recognizing such a privilege, i.e., to preserve the harmony and confidentiality of the parent-child relationship, would not appear to apply on the facts of this case in which there was no close family relationship to be preserved. In any case, Harris' failure to invoke such a privilege on the trial level should waive it on appellate review. See, e.g., United States v. Fisher, 518 F.2d 836, 840 (2d Cir.), cert. denied, 423 U.S. 1033 (1975).
 
 
 9
 Harris also contends that he was subject to impermissible selective prosecution which deprived him of due process of law.
 
 
 10
 The defendant has the burden of establishing a prima facie case of impermissible selective prosecution, and the test in the Sixth Circuit is that articulated by United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir.1974). See, e.g., United States v. Bustamante, 805 F.2d 201, 202 (6th Cir.1986). The defendant
 
 
 11
 bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.
 
 
 12
 Berrios, 501 F.2d at 1211.
 
 
 13
 We conclude that Harris has failed to establish either prong of the Berrios test. Harris argues that the first prong is met because, for the year in which he was indicted, there were no federal sentencings for the charge under which he was convicted. However, the conduct for which Harris was prosecuted does not usually go unpunished but, instead, is routinely prosecuted by the state government. Similarly, Harris' allegation that the state prosecutor was improperly motivated does not meet the second prong. Instead, one must look to the actions of the United States Attorney, and there is no evidence that his actions were based upon impermissible considerations, or that Harris was prosecuted in bad faith.
 
 
 14
 In view of the foregoing, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States District Judge for the Eastern District of Michigan, sitting by designation