897 F.2d 530
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Herbert L. GROSBERG, Defendant-Appellant.
 No. 89-1326.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Herbert Lynn Grosberg appeals from his conviction under 18 U.S.C. Sec. 371, conspiring to defraud the United States by impairing the collection of income taxes. Grosberg is a Certified Public Accountant, and an indictment returned against him alleged that he assisted Paul and Jacqueline Leggio and others in evading payment of Paul Leggio's income tax liabilities for the years 1977 through 1984. Grosberg's first trial ended in a hung jury, and this appeal is from a conviction entered following a second trial.
 
 
 2
 Paul Leggio was a bookmaker who was also involved in drug trafficking. Apparently because he had no legitimate source of income, Leggio did not file timely income tax returns for the years 1977-81. Leggio retained Grosberg's services, and issued him a power of attorney for the tax years 1977-81, later expanded to include 1982-84.
 
 
 3
 Evidence introduced at trial indicated that Grosberg advised the Leggios on how to keep their assets concealed from the Internal Revenue Service. For example, testimony indicated that Mr. Grosberg advised the Leggios to file "married filing separately" so that property in Mrs. Leggio's name could not be attached, to avoid placing any assets in Mr. Leggio's name, and to file the late returns without any payment of tax in an attempt to forestall criminal proceedings.
 
 
 4
 Grosberg filed returns on behalf of the Leggios, listing Mr. Leggio's occupation, instead of gambling, as "speculator" or "various." Each of the returns filed on behalf of Mr. Leggio showed substantial amounts of income and taxes due (over $100,000 in taxes due for the years 1978-1984). The evidence indicated that Grosberg misled IRS agents by telling them that Mr. Leggio had no assets, while Grosberg knew that Mr. Leggio controlled and enjoyed all the benefits of substantial holdings (real estate, cars, a cabin cruiser) that were held in the names of friends and family members. Grosberg signed as a witness to a quit claim deed whereby Mr. Leggio conveyed his interest in a piece of marital property to Mrs. Leggio. The evidence showed that in 1986, at the height of IRS collection efforts, Grosberg lent Mr. Leggio $50,000 for a real estate project, for which a promissory note was signed by Mrs. Leggio. Within six weeks, Mr. Leggio had repaid Grosberg the amount borrowed plus an additional $10,000, all in cash.
 
 
 5
 On appeal, Grosberg asserts that he was the victim of selective prosecution, that the trial court erred in limiting evidence by an expert witness, and that he was denied his right to confront a witness against him. The latter contention arose after Jacqueline Leggio was allowed to refuse to testify as to certain issues by asserting her rights under the Fifth Amendment.
 
 I.
 
 6
 Appellant asserts that he was prosecuted only because he implicated the prosecutor in this case personally in alleged wrongdoing by suggesting that the prosecutor was leaking confidential grand jury information in exchange for bribes.
 
 
 7
 Grosberg's first difficulty on appeal is that it appears he did not raise this claim before the trial court. "Defenses and objections based on defects in the institution of the prosecution" must be raised prior to trial. Fed.R.Crim.P. 12(b)(1); United States v. Taylor, 562 F.2d 1345 (2nd Cir.), cert. denied, 432 U.S. 909, cert. denied, 434 U.S. 853 (1977). Failure to timely object constitutes waiver, although a court may grant relief for cause shown. Fed.R.Crim.P. 12(f); Tracey v. United States, 739 F.2d 679 (1st Cir.1984), cert. denied, 469 U.S. 1109 (1985); United States v. Jarrett, 705 F.2d 198 (7th Cir.1983), cert. denied, 465 U.S. 1004 (1984). Appellant has not shown the requisite cause.
 
 
 8
 A defendant asserting selective prosecution
 
 
 9
 ... bears the heavy burden of establishing, at least prima facie, (1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent the exercise of his constitutional rights.
 
 
 10
 United States v. Bustamante, 805 F.2d 201, 202 (6th Cir.1986) (emphasis by the court), quoting United States v. Berrios, 501 F.2d 1207, 1211 (2nd Cir.1974). We find that Grosberg has failed to carry this heavy burden.
 
 
 11
 Assuming, arguendo, that appellant was prosecuted because of his desire to exercise his First Amendment right to criticize prosecutorial misconduct, he makes no showing, nor even an allegation, that others similarly situated have not been prosecuted. He failed to meet the Bustamante burden. As a result, his claim of selective prosecution must fail.
 
 II.
 
 12
 Part of the government's proof concerned the fact that Mr. Leggio bought many sizable assets, but held them in other people's names. On re-direct examination of an accountant expert witness, trial counsel for appellant elicited the opinion that if the assets were in someone else's name, then they could not be Mr. Leggio's assets. ("[H]onestly, if they belong to someone else, how can they belong to Paul Leggio?") On re-cross examination, the government attorney attempted to refute this assertion. Before the prosecutor completed his question, the court interjected and struck the witness' earlier statement as a legal opinion that the witness was not qualified to give.
 
 
 13
 Appellant urges that this was unfair, especially because an IRS agent had earlier testified in similar fashion:
 
 
 14
 Q: Who owns the Delorean in 1981, if it's in the name of Christina Buffa?
 
 
 15
 A: Christina Buffa has title to that car.
 
 
 16
 Q: She owns the car, right?
 
 
 17
 A: She owns the car.
 
 
 18
 This testimony was elicited (and repeated as to several assets) from the IRS agent by counsel for appellant. Thus, the prejudice that appellant suggests resulted from allowing the agent to testify on the issue does not exist. Furthermore, the judge's decision to limit the expert witness' testimony was clearly within the trial court's discretion. United States v. August, 745 F.2d 400, 407 (6th Cir.1984). We find this assertion of error to be without merit.
 
 III.
 
 19
 The bulk of the evidence against Grosberg came in the form of testimony by Mrs. Jacqueline Leggio, testimony that came about as part of a plea agreement. When asked on cross-examination about her own involvement in gambling, Mrs. Leggio asserted her Fifth Amendment right not to testify. Appellant raises this refusal to testify about gambling activities as a point of error. However, appellant makes no showing as to how it was prejudicial to him.
 
 
 20
 It is beyond dispute that Mrs. Leggio was a potentially biased witness, but the provisions of her plea agreement were made a matter of record on direct examination. Appellant had every opportunity to exploit this weakness, but the jury apparently believed Mrs. Leggio despite the plea agreement and any other factors that might have challenged or tested her testimony. We discern no prejudice to appellant in Mrs. Leggio's failure to testify about her own gambling activities (if any), and we conclude that appellant was not deprived of his right meaningfully to cross-examine the government's witness.
 
 IV.
 
 21
 We find further that appellant's other assertions of error, devoted largely to the sufficiency of the evidence against him, are similarly without merit.
 
 
 22
 Accordingly, we AFFIRM the judgment of the district court.