[NOT FOR PUBLICATION — NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 02-1243

MANUEL GONZALEZ-GONZALEZ,

Petitioner, Putative Appellant,

v.

UNITED STATES,

Respondent, Putative Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,

Selya and Lipez, Circuit Judges.

Judith H. Mizner, on motion for issuance of certificate of appealability, for putative appellant.

October 29, 2002

**SELYA**, **Circuit Judge**. The petitioner, Manuel Gonzalez-Gonzalez, moves for a certificate of appealability, 28 U.S.C. § 2253, alleging ineffective assistance of appellate and trial counsel. We recite only the facts necessary to limn the petitioner's claims. We refer readers who hunger for more exegetic detail to our opinion on direct appeal. See United States v. Gonzalez-Gonzalez, 136 F.3d 6 (1st Cir.), cert. denied, 524 U.S. 910 (1998).

The petitioner's principal claim is that his appellate counsel blundered by failing to argue that he (the petitioner) had been deprived of his Sixth Amendment right to represent himself. The record, however, shows that the district court correctly denied the petitioner's request for self-representation because the petitioner did not unequivocally waive his right to counsel. See United States v. Betancourt-Arretuche, 933 F.2d 89, 92 (1st Cir. 1991) (honoring "every reasonable presumption against waiver of the right to counsel") (citation and internal quotation marks omitted). With his counseled motion for hybrid representation still pending, the petitioner submitted a pro se motion stating that he "remains in his position of requesting from the Court his pro se representation with the assistance of his attorney . . . as standby counsel." (emphasis supplied). The unavoidable conclusion, reinforced by the lengthy colloquy during the second day of trial, is that the petitioner was not asserting his right to represent

himself, but, rather, was renewing his request for hybrid representation. Accordingly, appellate counsel was not ineffective for declining to raise the issue of self-representation.

We are somewhat more troubled by the claim that trial error occurred during jury deliberations — error to which trial counsel's lethargy allegedly contributed and about which appellate counsel neglected to complain. We set the stage.

The preferred practice in this circuit is that "messages from a deliberating jury, pertaining to ongoing deliberations, ought to be fully disclosed to the lawyers when received, so that the latter may be heard before the judge implements a course of action." United States v. Parent, 954 F.2d 23, 25 (1st Cir. 1992). According to the petitioner's unsworn memorandum,[1] the district court, without notifying either counsel, granted the jury's request for transcripts of the testimony of two government witnesses. The court then issued a written supplemental instruction in response to a jury note without involving counsel in the process. In substance, the instruction reminded the jury that it had a duty to determine the guilt or innocence of the defendant from the evidence in the case, and that the verdict must be unanimous as to each count of the indictment.

---

[1]The sworn petition alleges only that the court "decid[ed] jury notes out of presence of defendant."

In the ordinary course, a habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or a supporting affidavit. See, e.g., Rule 2, Rules Governing Section 2255 Proceedings, 28 U.S.C. § 2255. Facts alluded to in an unsworn memorandum are not sufficient. See Barrett v. United States, 965 F.2d 1184, 1195 (1st Cir. 1992); Dalli v. United States, 491 F.2d 758, 760 (2d Cir. 1974). Here, moreover, even were we to accept the petitioner's unsworn allegations as true, they would not warrant a certificate of appealability because the petitioner has identified no plausible way in which he might have been prejudiced.

The rule in this circuit is that "a trial court's error in failing seasonably to inform counsel about a jury note does not require reversal if the error is benign." Parent, 954 F.2d at 25 (citing United States v. Maraj, 947 F.2d 520, 526 (1st Cir. 1991)); accord United States v. Hernandez, 146 F.3d 30, 35 (1st Cir. 1998).[2] This comports with the authorities elsewhere. See, e.g., United States v. Bustamante, 805 F.2d 201, 203 (6th Cir. 1986); United States v. Widgery, 778 F.2d 325, 329 (7th Cir. 1985); United

_____

[2]We have yet to decide whether the appropriate test for harmlessness in this context is that set forth in Chapman v. California, 386 U.S. 18, 24 (1967) (asking whether the error was "harmless beyond a reasonable doubt") or the more lenient inquiry delineated in Kotteakos v. United States, 328 U.S. 750, 776 (1946) (asking whether "the error had substantial and injurious effect or influence" vis-à-vis the judgment). We need not make that choice today, as the petitioner falls short under either definition of harmless error.

States v. Arriagada, 451 F.2d 487, 488 (4th Cir. 1971); Jones v. United States, 299 F.2d 661, 662 (10th Cir. 1962).

In this instance, the supplemental instructions were correct on their face. Moreover, even though the supplemental instructions were "delivered at a critical juncture in the case," they were not "out of balance" in any material respect. Parent, 954 F.2d at 26. In any event, the supplemental instructions were similar to portions of the charge, given earlier, that counsel had reviewed without objections. As for the transcripts, if they were furnished to the jury at all — the court promised them only at the conclusion of its own review — it is hardly remarkable (and certainly not erroneous) for the court to have key testimony read or submitted to the jury at the jury's request. See, e.g., United States v. Argentine, 814 F.3d 783, 787 (1st Cir. 1987). The petitioner gives us no convincing reason to think that counsel might have objected; or that, if he had objected, he could have changed the trial court's mind; or even that, had the transcripts been withheld, the verdict might have been different.

In an effort to parry this thrust, the petitioner contends that, notwithstanding the Parent rule, prejudice should be presumed because he was "denied counsel at a critical stage of his trial." United States v. Cronic, 466 U.S. 648, 659 (1984) (footnote omitted). Doctrinally speaking, however, prejudice per se is hen's-teeth rare. Indeed, two recent Supreme Court cases

have emphasized just how unusual are the circumstances that would justify a court in forgoing particularized inquiry into whether counsel's inadequate performance undermined the reliability of a verdict.  See Mickens v. Taylor, 122 S. Ct. 1237, 1241 (2002); Bell v. Cone, 122 S. Ct. 1843, 1850-51 (2002).  In both instances, the Court reiterated the proposition that, in the ineffective assistance context, prejudice may be presumed only in narrowly circumscribed situations.[3]  We too have emphasized the same point. See, e.g., Ouber v. Guarino, 293 F.3d 19, 33 (1st Cir. 2002); Scarpa v. Dubois, 38 F.3d 1, 12, 15 (1st Cir. 1994).  We are constrained by these authorities to hold that the prejudice per se doctrine does not apply in the circumstances of this case.[4]

The petitioner next asserts that his various counsel should have anticipated the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and that he should be resentenced

---

[3]Moreover, the Supreme Court recently vacated the decision in French v. Jones, 282 F.3d 893, 901 (6th Cir. 2002) (affirming the grant of a state prisoner's habeas petition on the ground that the state courts "unreasonably applied harmless error analysis to French's deprivation of counsel during the supplemental instruction").  The Court remanded the case "for further consideration in light of Bell v. Cone[.]"  Jones v. French, 122 S. Ct. 2324 (2002) (per curiam).

[4]Our opinion in Curtis v. Duval, 124 F.3d 1 (1st Cir. 1997), is not to the contrary.  Dictum aside, the Curtis court, consistent with Bell and Mickens, rejected the habeas petitioner's reliance on "Cronic's prejudice per se principle" and held that the petitioner was not "actually prejudiced."  Id. at 6.  We explained that the trial court's error in instructing the jury during the "transitory absence" of the petitioner's counsel "was neither substantial nor injurious," but, rather, "harmless."  Id.

in light of that decision. Even assuming Apprendi applies retroactively to this case — a matter on which we take no view — any error would be harmless. See United States v. Duarte, 246 F.3d 56, 61-62 (1st Cir. 2001) (applying harmless error analysis to assertion of Apprendi error).

Here, the evidence overwhelmingly establishes the minimum drug quantity needed to justify the sentence actually imposed. The government's "very strong case against Gonzalez" included the physical seizure of 350 kilograms of cocaine, part of a "major shipment of cocaine and marijuana Gonzalez had imported from Colombia to Puerto Rico in September of 1992." Gonzalez-Gonzalez, 136 F.3d at 8, 10. No more is exigible to defeat an unpreserved Apprendi claim.

The petitioner also asseverates that his trial counsel should have investigated and called three witnesses on his behalf. This asseveration is unpersuasive. There is no indication that one witness, a convicted codefendant in a related case, made available any allegedly exculpatory information before or during the petitioner's trial. The second witness would have offered only cumulative impeachment testimony. The third might in turn have been impeached with his prior statements implicating the petitioner in several drug transactions. Under these circumstances, the petitioner cannot overcome the presumption that counsel's decision not to call these witnesses might be considered sound trial

strategy.  See, e.g., Lema v. United States, 987 F.2d 48, 55 (1st Cir. 1993) (stating that the "decision to interview potential witnesses, like the decision to present their testimony, must be evaluated in light of whatever trial strategy reasonably competent counsel devised in the context of the particular case"); United States ex rel. Walker v. Henderson, 492 F.2d 1311, 1314 (2d Cir. 1974) (stating that "the decision to call or bypass particular witnesses is peculiarly a question of trial strategy which courts will practically never second-guess") (citation omitted).

Finally, the petitioner faults his appellate counsel for not bringing the government to account for sharp tactics.  In this regard, he contends that the government improperly "highlighted" alleged code words in video transcripts that were shown to the jury, using quotation marks and contrasting typeface for emphasis. At trial, the petitioner objected to the government's playback of tape recordings on several grounds, including improper redaction, manipulation of volume, and apparent errors of transcription. Highlighting was not one of his complaints.  We find the new allegation inherently improbable and contradicted by the record. Thus, we cannot say that appellate counsel was ineffective for failing to raise this claim.

We need go no further.  The motion for a certificate of appealability is <u>denied</u> and the appeal is <u>terminated</u>.

**So ordered**.