JOURNAL ENTRY AND OPINION
{¶ 1} On August 31, 2002, the applicant, Michael Smith, applied pursuant to App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, to reopen this court's judgment in State of Ohio v.Michael Smith (Apr. 22, 2002), Cuyahoga App. No. 79301, in which this court affirmed Mr. Smith's convictions for possession of drugs and two counts of possession of criminal tools. On November 19, 2002, the State of Ohio filed its brief in opposition. For the following reasons this court denies the application.
 {¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. Mr. Smith filed his application approximately 120 days after this court journalized its decision. Thus, the application is untimely on its face.
 {¶ 3} To show good cause Mr. Smith submits that his appellate counsel failed to communicate with him throughout the appeal process and did not timely notify him of this court's decision. Indeed, Mr. Smith claims that he just happened to find a newspaper article announcing the decision 98 days after its announcement. Once he knew of the decision he worked diligently to prepare the application and filed it as quickly as possible.
 {¶ 4} However, an attorney's failure to communicate with the applicant does not state good cause for failure to file timely. State v.Lamar (Oct. 15, 1985), Cuyahoga App. No. 49551, reopening disallowed (Nov. 15, 1995), Motion No. 63398. Specifically, in State v. Blake (Feb. 22, 1996), Cuyahoga App. No. 68348, reopening disallowed (Sept. 2, 1997), Motion No. 85942, and State v. Fortson (Dec. 17, 1998), Cuyahoga App. No. 72229, reopening disallowed (Jan. 23, 2001), Motion No. 18195, this court rejected the argument that good cause is shown when appellate counsel does not promptly notify the applicant of the court's decision. Similarly, in State v. White (Jan. 31, 1991), Cuyahoga App. No. 57944, reopening disallowed (Oct. 19, 1994), Motion No. 49174 and State v.Allen (Nov. 3, 1994), Cuyahoga App. No. 65806, reopening disallowed (July 8, 1996), Motion No. 67054, this court rejected reliance on counsel as showing good cause. Cf. State v. Moss (May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, reopening disallowed (Jan. 16, 1997), Motion No. 75838;State v. McClain (Aug. 3, 1995), Cuyahoga App. No. 67785, reopening disallowed (Apr. 15, 1997), Motion No. 76811; and State v. Russell (May 9, 1996), Cuyahoga App. No. 69311, reopening disallowed (June 16, 1997), Motion No. 82351. Accordingly, this application is properly dismissed as untimely.
 {¶ 5} Moreover, Mr. Smith's claims of ineffective assistance of appellate counsel are not well founded. In order to establish such a claim, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 6} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 7} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 8} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 9} Mr. Smith's first argument is that Count One of the indictment was so deficient that it deprived the trial court of subject matter jurisdiction, and his appellate counsel was ineffective for not raising this issue. Count One charged possession of marijuana, but contained a typographical error such that it read twenty thousand kilograms, when it should have read twenty kilograms. Mr. Smith argues that because R.C. 2925.11(C)(3)(f), the highest form of offense for possession of marijuana, prohibits possession in excess of twenty thousand grams, the offense of possession in excess of twenty thousand kilograms is an offense not specified by statute and, thus, void.
 {¶ 10} Trial counsel conceded that the proper amount in issue was twenty kilograms, and Mr. Smith was properly tried on that charge. The clerical error did not prejudice Mr. Smith. Therefore, this argument would elevate form over substance and would be subject to the arguments of proper amendment and waiver. Appellate counsel properly rejected it in the exercise of professional judgment. Similarly, Mr. Smith's second argument, that there was insufficient evidence to convict him of possession of twenty thousand kilograms, is also ill-founded. Instead of arguing the waived clerical error, appellate counsel made a much stronger argument that there was insufficient evidence to uphold the conviction for possession of marijuana, regardless of the amount. Thus, this court concludes appellate counsel was not ineffective for failing to raise these issues.
 {¶ 11} Mr. Smith next claims that the trial court did not properly instruct the jury on the crime of attempted possession of marijuana. Instead, the court merely repeated the instructions for possession. However, this court has reviewed the trial court's instructions on attempt, and they are identical to the instructions for attempt in Section 523.02 of Ohio Jury Instructions. Although there may have been some confusion in the introductory instructions for attempt, because the charge for attempt was given, appellate counsel could properly reject this claim in the exercise of professional judgment. Moreover, Mr. Smith has not shown prejudice. The jury convicted him of possession, and on appeal this court ruled that the verdict was not against the manifest weight of the evidence.
 {¶ 12} Mr. Smith's fourth argument is that the trial court erred by not reading into the record two of the three questions submitted to the court by the jury during its deliberations. Mr. Smith relies uponState v. Black (1993), 85 Ohio App.3d 771, 621 N.E.2d 484 for the propositions that it is error for a trial court to not read questions into the record. However, the court in Black reasoned that the evil, which reading the questions into the record will prevent, is that trial counsel will not be able to object to the questions or the response.
 {¶ 13} In the present case the record shows that the trial court reviewed the two subject questions with counsel for both the state and the defense and that they were able to agree upon the answers. (Tr. Pg. 481.) Therefore, appellate counsel in reviewing this issue could not make the argument that there was an improper ex parte communication with the jury, nor could he effectively argue that there was prejudice to Mr. Smith. Without a showing of prejudice, appellate counsel could conclude in the exercise of sound discretion that this argument was too weak to present and/or that this court would conclude that there was only harmless error. Cf. State v. Jenkins (1984), 15 Ohio St.3d 164, 473 N.E.2d 264;State v. Scheibel (1990), 55 Ohio St.3d 71, 564 N.E.2d 541; State v.Abrams (1988), 37 Ohio St.3d 144, 313 N.E.2d 823; State v. Maynard
(1987), 38 Ohio App.3d 50, 526 N.E.2d 316; and United States v.Bustamonte (C.A. 6, 1986), 805 F.2d 201 — ex parte communications between the court and the jury ruled harmless error without the showing of prejudice.
 {¶ 14} Next, Mr. Smith argues that the trial court erred in allowing the jurors to pose questions to the witnesses. He submits that this practice is per se reversible error, because it infringes on the impartiality and neutrality of the jury and because trial counsel will be reluctant to object to such questions out of fear of alienating the jury. However, this court has long held that "[t]he right of a juror to ask questions of a witness during trial is clearly within the sound discretion of the trial court * * *." State v. Sheppard, (1955),100 Ohio App. 345,390, 128 N.E.2d 471, affirmed (1956), 165 Ohio St. 293,135 N.E.2d 340, certiorari denied (1956), 352 U.S. 910. See, also Statev. Wayt (1992), 83 Ohio App.3d 848, 615 N.E.2d 1107. More recently, inState v. Ivory (Mar. 21, 2002), Cuyahoga App. No. 79722, reopening disallowed (Nov. 14, 2002), Motion No. 39591, this court held that appellate counsel was not deficient for failing to raise this issue on direct appeal or for failing to object to the practice or for failing to seek certification to the Supreme Court of Ohio on this issue. This court further notes that United States v. Johnson (C.A. 8, 1989), 892 F.2d 707, upon which Mr. Smith relies, noted that there was an absence of authority for the proposition that allowing jurors to submit questions was error and then held that permitting juror to ask questions was not plain error. The court further notes that State v. York, Seneca App. No. 13-01-19, 2002-Ohio-1398, upon which Mr. Smith also relies, was not in existence at the time appellate counsel submitted the brief in October 2001. Rather, York, overruled authority in the Third Appellate District that followed Sheppard in holding that juror questioning is within the discretion of the trial court. Accordingly, appellate counsel was not ineffective for failing to raise the argument that allowing juror questioning is per se reversible error.
 {¶ 15} Mr. Smith's final argument is that trial counsel was ineffective for failing to raise the above issues. If appellate counsel was not ineffective for failing to raise these issues directly, then there was no deficiency for failing to raise them indirectly.
 {¶ 16} Accordingly, this court denies the application to reopen.
PATRICIA ANN BLACKMON, P.J., AND JAMES J. SWEENEY, J., CONCUR.