United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-20087

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN SIDNEY HILLSMAN,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Defendant argues that his Sixth Amendment right to counsel was violated when the district court responded to a jury note without first giving defense counsel an opportunity to object to the response. We affirm.

I

John Hillsman was indicted with three counts of possession of crack cocaine, possession of a firearm in furtherance of a drug trafficking offense, and felon in possession. He pleaded guilty

to the last count, but denying possession of crack, demanded a jury trial on counts one and two.

He was convicted on both counts. The prosecution's case turned entirely on the testimony of officer Oliver, who watched Hillsman "drop[] a clear plastic bag of crack cocaine into a metal trash can." This testimony was, in the prosecution's own words, "the sole[] evidence of Mr. Hillsman's alleged possession of the crack cocaine."

After five hours of jury deliberations, the jury sent out a written note to the district court, which read: "Is there any other information about Officer Oliver? Account of incident that we may consider?" The case manager showed the note to both counsel and asked them, off the record and outside the presence of the judge, for their suggested responses. Defense counsel suggested that the court respond: "No. Please refer to your jury instructions." The prosecutor agreed. The case manager informed the attorneys that the jury would break for the day. The case manager then informed the judge of defense counsel's proposed response to the note.

That same afternoon, before the jury left, the judge submitted the following written response: "No. I am sorry." Neither counsel was advised of the judge's response nor given a chance to object to its content. Defense counsel found out about the response after the verdict was returned, and objected to it in a motion for new trial, arguing that the court's failure to disclose its response to

2

the jury note violated his client's Sixth Amendment right to counsel.

II

We review the district court's decision to deny relief *de novo*.[1] Before reaching the merits, we must first address the government's contention that our review should be for plain error only because the defendant did not object to the court's instruction until his motion for new trial. The defendant responds with the obvious: he didn't even know about the court's supplemental instruction until after the verdict was announced.

The government relies on *Combs*, in which the Sixth Circuit conducted plain-error review in a similar case.[2] But in *Combs* the court actually notified the parties, through a law clerk, of its proposed response and directed the parties to submit objections to the clerk. The *Combs* court decided that plain-error review was appropriate because defense counsel had relayed her objections to the law clerk, but never asked to have the district judge take the bench, nor otherwise tried to create a record of her objections. Here defense counsel was not informed of the court's intention to submit the instruction. We will ask first, then, if there was legal error, and in its absence, we will review for abuse of discretion.

---

[1] *United States v. Cronic*, 466 U.S. 648, 654 (1984).

[2] *United States v. Combs*, 33 F.3d 667, 669 (6th Cir. 1994).

III

The Sixth Amendment guarantees that "(i)n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." It is well established that the accused is entitled to the assistance of counsel not only at the trial itself, but at all "critical stages" of his prosecution.[3] If counsel for the accused is totally absent during a critical stage, then there is a presumption of prejudice under *Cronic*, and "reversal is automatic."[4]

Other Circuits have held that a district court's re-instruction of the jury is a critical stage at which counsel must be present.[5] Yet even by these precedents, Hillsman is not entitled to *Cronic*'s presumption of prejudice. For these same circuits recognize a distinction between the primary set of instructions contained in the court's charge and later repetition of instructions, explaining that the "rereading of identical jury instructions is not a critical stage of a criminal trial" and that "reading instructions to the jury is not a critical stage of the

---

[3]*See Van v. Jones*, __ F.3d __, 2007 WL 91660, (6th Cir. 2007); *Coleman v. Alabama*, 399 U.S. 1 (1970); *United States v. Wade*, 388 U.S. 218 (1967); *Gilbert v. California*, 388 U.S. 263 (1967); *Hamilton v. Alabama*, 368 U.S. 52 (1961).

[4]*Holloway v. Arkansas*, 435 U.S. 475 (1978); *Cronic*, 466 U.S. at 659 n.25.

[5]*United States v. Tolliver*, 330 F.3d 607, 613 (3d Cir. 2003); *Hudson v. Jones*, 351 F.3d 212 (6th Cir. 2003); *Curtis v. Duval*, 124 F.3d 1, 4 (1st Cir. 1997). *But see United States v. Widgery*, 778 F.2d 325 (7th Cir. 1985) ("a judge's failure to show jurors' notes to counsel and allow them to comment before responding violates Fed.R.Crim.P. 43(a), not the constitution.").

proceedings if trial counsel has previously agreed to the instructions."[6]

The district court presented the jury's note to counsel, and the court responded to the note with an instruction that was not materially different from that sought by counsel. In context, the surplus phrase "I'm sorry" was no more than a polite expression added to the negative response. As we see it, with the omitted phrase, "please refer to your jury instructions," the district court simply refused to further instruct the jury, albeit outside the presence of the defendant and his counsel.

Nor do we think that a reasonable juror would have understood the judge to be expressing his disappointment in being unable to disclose information about Officer Oliver or the incident that was not in the record. The jury was instructed and reminded in court and by counsel throughout the trial that its verdict must be based only on the evidence in the case. The response, "No. I am sorry," to the inquiry of whether it could do otherwise, to the extent that it instructs, is no more than a polite adherence to his earlier instructions. In sum, this was not a critical stage, and there was no Sixth Amendment violation.

The judgment of conviction is AFFIRMED.

---

[6]*Hudson*, 351 F.3d at 217. *See also Gonzalez-Gonzalez v. United States*, No. 02-1243, 2002 WL 31416029, 49 Fed. Appx. 322 (1st Cir. Oct. 29, 2002); *United States v. Toliver*, 330 F.3d 607 (3d Cir. 2003).