[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14648
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00579-EAK-TBS

MANUEL GONZALEZ-GONZALEZ,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-MEDIUM,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 17, 2014)

Before ED CARNES, Chief Judge, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Manuel Gonzalez-Gonzalez, proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition, which he filed pursuant to the savings clause in 28 U.S.C. § 2255(e).  The petition challenged Gonzalez-Gonzalez's four 1996 convictions for aiding and abetting money laundering in violation of 18 U.S.C. § 2 and 21 U.S.C. § 1956(a)(1)(B)(i).[1]  All four money laundering counts involved buying a car with cash.  In his § 2241 petition, Gonzalez-Gonzalez argued that he was actually innocent of the § 1956(a)(1)(B)(i) offenses because the government had not proven that he made the four purchases with the intent to launder drug money, and the Supreme Court had made such proof necessary in its 2008 decision in Cuellar v. United States, 553 U.S. 550, 128 S.Ct. 1994 (2008).  The district court dismissed the petition, concluding that it lacked jurisdiction because Gonzalez-Gonzalez was challenging the validity of his sentence and such challenges do not fall under § 2255(e).  We review that decision de novo and can affirm it for any reason supported by the record.  Williams v. Warden, 713 F.3d 1332, 1337, 1341 n.2 (11th Cir. 2013).

---

[1] Gonzalez-Gonzalez was convicted of a total of eleven counts:  one for conspiracy with intent to distribute marijuana and cocaine, one for aiding and abetting the possession of marijuana with intent to distribute, two for aiding and abetting the possession of cocaine with intent to distribute, three for aiding and abetting the importation of drugs into the United States, and four for aiding and abetting money laundering.  He is serving three concurrent sentences: twenty years on the four money laundering counts, forty years on the count for aiding and abetting the possession of marijuana with intent to distribute, and life in prison on the remaining six counts.

The petition at issue in this appeal was not Gonzalez-Gonzalez's first opportunity to challenge his money laundering convictions. After he was convicted in 1996 in the United States District Court for the District of Puerto Rico,[2] he filed a direct appeal, which the First Circuit denied in February 1998. See United States v. Gonzalez-Gonzalez, 136 F.3d 6 (1st Cir. 1998). Gonzalez-Gonzalez then filed a motion for a new trial in May 1999. The district court denied his motion in July 2000, and the First Circuit affirmed that decision in July 2001. See United States v. Gonzalez-Gonzalez, 258 F.3d 16, 19 (1st Cir. 2001). He also filed a § 2255 motion in October 1999. The district court denied his motion in January 2002, and in October 2002 the First Circuit declined to grant him a certificate of appealability. See Gonzalez-Gonzalez v. United States, 49 F. App'x 322 (1st Cir. 2002). Gonzalez-Gonzalez did not challenge his money laundering convictions in any of those three proceedings.

Gonzalez-Gonzalez must establish that he meets "the five specific requirements a § 2241 petitioner must satisfy to proceed under § 2255(e)." Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1257 (11th Cir. 2013). He fails to satisfy the first of those five requirements: that the claim he now raises was

---

[2] Gonzalez-Gonzalez's § 2241 petition is before this Court, instead of the First Circuit, because he filed it while he was incarcerated at the Coleman Federal Correctional Complex in the Middle District of Florida.

3

"squarely foreclosed by prior Circuit precedent at the time of his trial, direct appeal, and first § 2255 motion." Id. at 1272; see also id. at 1274.

Gonzalez-Gonzalez does not identify any circuit precedent that meets the timing element of Bryant's first requirement. The only precedent he identifies as foreclosing his current claim is United States v. Martinez-Medina, 279 F.3d 105 (1st Cir. 2002), which was not decided until years after 1996 trial and his 1998 direct appeal. See Bryant, 738 F.3d at 1272 (noting that a § 2241 petitioner's claim cannot qualify under § 2255(e) unless it was "foreclosed . . . at the time of his trial, direct appeal, and first § 2255 motion") (emphasis added).

In any event, Martinez-Medina did not foreclose Gonzalez-Gonzalez's claim that the government had the burden (and failed) to prove that his intent when purchasing the four cars was to launder drug money. The Martinez-Medina court simply held that a defendant's intent to launder money can be inferred from certain circumstantial evidence, such as "[p]urchasing large items with drug money through third parties." See 279 F.3d at 116 (explaining that the evidence of repeated large cash transactions "supports an inference of intent to conceal"). That is not the same thing as holding that proof of intent is not required.[3]

---

[3] The Supreme Court's decision in Cuellar did not condemn the kind of circumstantial evidence that the First Circuit endorsed in Martinez-Medina. In fact, Cuellar's last footnote points out that the government could have proved the defendant's intent through circumstantial evidence but had failed to produce such evidence in that case. See 553 U.S. at 567 n.8, 128 S.Ct. at 2005 n.8. So Cuellar is not the kind of "circuit law busting" Supreme Court decision mandated by Bryant's second requirement. See 738 F.3d at 1275 (quotation marks omitted).

4

Gonzalez-Gonzalez has thus not demonstrated the prior circuit law foreclosure that <u>Bryant</u> requires.  <u>See</u> 738 F.3d at 1257, 1272.  The district court therefore did not err in dismissing his habeas petition.

**AFFIRMED.**