UNITED STATES of America,
Plaintiff–Appellee,

v.

James M.L. COMBS (93–1746);
Jerry Hilary Snow (93–1747),
Defendants–Appellants.

Nos. 93–1746, 93–1747.

United States Court of Appeals,
Sixth Circuit.

Argued March 24, 1994.

Decided Aug. 31, 1994.

Marlene Juhasz, Asst. U.S. Atty., Flint, MI, Dennis J. Dimsey, Lisa C. Wilson (argued and briefed), U.S. Dept. of Justice Civil Rights Div., Washington, DC, for the U.S.

Don Ed Payne, Hugo, OK (argued and briefed), for James M.L. Combs.

Mary E. Bane, Oklahoma City, OK (argued and briefed), for Jerry Hilary Snow.

Before: RYAN and NORRIS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

RYAN, Circuit Judge.

The defendants, James M.L. Combs and Jerry Hilary Snow, appeal their convictions under 18 U.S.C. § 242 for, under color of law, depriving another individual of his federally protected rights. The sole issues on appeal involve the district court's supplemental instructions in response to two questions posed by the jury during deliberations. Specifically, we are asked to decide whether the supplemental instructions were textually adequate, and whether the district court adhered to proper procedures in transmitting the instructions to the jury.

## I.

In an apparent effort to exercise self-help to enforce an alleged debt, the defendants forcibly transported one William Ong, IV, from Jackson, Michigan, to McCurtain County, Oklahoma. A federal grand jury subsequently returned a four-count indictment against the defendants, charging them with kidnaping, and aiding and abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (Count 1); extortion, in violation of 18 U.S.C. § 894 (Count 2); conspiring to violate Ong's civil rights by kidnaping him, in violation of 18 U.S.C. § 241 (Count 3); and depriving Ong of his civil rights by kidnaping him, and aiding and abetting, in violation of 18 U.S.C. §§ 242 and 2 (Count 4). Only Counts 1 and 4 are relevant to this appeal.

At trial, in instructing the jury on Count 1, the federal kidnaping charge, the district court enumerated the specific elements of a section 1201 violation:

A. The alleged victim was transported in interstate commerce by the defendant;
B. The criminal act ... was committed without the consent of the alleged victim;
C. The alleged victim was held for ransom, reward or some other form of benefit; And
D. The Defendant knowingly and willfully kidnapped [the alleged victim].

In addition, the district court defined "kidnaping" as used within the statute, as "an act in which an individual forcibly holds, detains, or carries away an alleged victim against his will."

Similarly, in instructing the jury on Count 4, the district court enumerated the elements of the crime, including proof that "[t]he defendant deprived [the victim] of a right that is secured or protected by the Constitution or laws of the United States of America." Jury instruction number 25(6) identified the civil right violated by the defendants as "the right not to be deprived of liberty without due process of law." In addition, the district court directed the jury's attention to the indictment, which specified kidnaping as the means by which the liberty deprivation had occurred. The indictment, along with the jury instructions, was provided for the jury's use during deliberations. The jury was told that all counts were independent, and, at least twice, was told that any finding of guilt was limited to the acts identified in the indictment. No party objected to these instructions.

During deliberations, the jury forwarded the following handwritten note to the court:

> We need further clarification on Count 4. Is Count 4 specific to which civil right was violated? Must it be dependent on Count 1?

The court, through its law clerk, notified counsel for all parties that it was inclined to answer "yes" to the first question, and "no" to the second. The law clerk directed counsel to submit any comments or objections to the proposed responses to him, rather than to the court. The record does not reflect any such objections, although the defendants unsuccessfully attempted to supplement the record after trial with an objection purportedly given to the law clerk by Snow's counsel.

Without further consultation, and without taking the bench, the district court responded in writing to the jury's questions. In answer to the jury's first query, the court wrote, "Yes. Please refer to Jury Instructions # 25(6) at pages 23–24, and to Count 4

of the Indictment." In response to the second question, the court simply wrote, "No."

The jury convicted the defendants on Count 4, the section 242 charge, and acquitted them on the other three counts. The district court sentenced the defendants to 12 months imprisonment, and, in addition, fined Combs approximately $18,000. These timely appeals by both defendants followed.

## II.

■ During oral argument, Snow's counsel contended that she had attempted to object to the proposed supplemental instructions by communicating her comments to the district judge through his law clerk. Both counsel admitted, however, that they never asked to have the district judge take the bench, nor did they otherwise try to create a record of their objections, if any. Despite claimed obstacles, it always is the duty—and right—of trial counsel to make a *verbatim* record on any matter germane to the trial, particularly matters as vital as objections to jury instructions and supplemental instructions.

■ Here, the record does not reflect any attempt to create a contemporaneous record articulating objections to the proposed supplemental instructions. Allegations by Snow's counsel, long after the fact, that she lodged an objection with the district judge's law clerk cannot suffice to preserve her objection. Accordingly, we can reverse the district court's orders of conviction only if the supplemental instructions—either in form or mode of transmission—constituted plain error. *United States v. Piccolo,* 723 F.2d 1234, 1241 (6th Cir.1983), *cert. denied,* 466 U.S. 970, 104 S.Ct. 2342, 80 L.Ed.2d 817 (1984). "Plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." *Id. Accord United States v. Newcomb,* 6 F.3d 1129, 1139 (6th Cir.1993). Because we conclude that any error by the district court did not result in injustice, we must affirm the district court's orders.

## A.

The defendants first contend that the content of the supplemental instructions confused the jury or otherwise permitted it to convict based on conduct not charged in the indictment. Specifically, the defendants argue that the jury's questions to the court demonstrated confusion over Count 4, the section 242 count. In this regard, the defendants maintain that, in order to convict them on Count 4, the jury had to find that they kidnaped Ong. However, the defendants' argument continues, the court's supplemental instruction that Count 4 was not dependent on Count 1, the substantive kidnaping count, permitted the jury to convict based on its conclusion that the defendants had engaged, not in kidnaping, but rather in false arrest or some similar conduct.

The defendants admit that the district court's initial jury instructions adequately represented the law, and that the supplemental instructions merely repeated these original instructions. Thus, the defendants' argument is that a trial court, faced with juror confusion, must do more than simply repeat its prior instructions.

In *United States v. Nunez,* 889 F.2d 1564 (6th Cir.1989), we considered the propriety of a district court's response to a deliberating jury's note that impliedly had asked whether an undercover officer could be a coconspirator. Sensing the jury's confusion, defense counsel asked the district court to respond that there could not be a conspiracy comprised only of a single defendant and the undercover officer. Instead, the district court merely repeated its earlier instruction defining the term "conspiracy." *Id.* at 1567.

We held that, because there was evidence that the jury indeed was confused over "an important legal issue," the district court abused its discretion by not clarifying the issue. *Id.* at 1568. While noting that a district court must be careful to avoid advising a querying jury on "collateral aspects" of any verdict it might reach, we observed that the standards regarding supplemental instructions otherwise were well-settled:

In *United States v. Giacalone,* 588 F.2d 1158 (6th Cir.1978), *cert. denied,* 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1045 (1979),

we made clear that a supplemental instruction is one that goes beyond reciting what has previously been given; it is not merely repetitive. Reiterating the rule ... that a trial court has a duty "to clear up uncertainties which the jury brings to the court's attention," we stated that the propriety of a supplemental instruction must be measured "by whether it fairly responds to the jury's inquiry without creating ... prejudice." *Giacalone*, 588 F.2d at 1166.

*Nunez*, 889 F.2d at 1568 (parallel citations omitted).

█ Similarly, the district court ordinarily does not discharge its duty by giving categorical "yes" or "no" answers, especially where, as here, the instructions involve sophisticated issues in a multi-count indictment. Upon receipt of questions from a deliberating jury, it is incumbent upon the district court to assume that at least some jurors are harboring confusion, which the original instructions either created or failed to clarify. Therefore, the trial judge must be meticulous in preparing supplemental instructions, taking pains adequately to explain the point that obviously is troubling the jury. To be sure, the court must ensure that, in responding, it does not stray beyond the purpose of jury instructions, but the jury's questions here did not seek collateral or inappropriate advice.

█ However, while we find that the district court's supplemental instructions here were inadequate, they were not plain error. The court's answers to the jury's queries certainly could have been more educational, but they were, in fact, legally correct. The jury's determination of guilt or innocence on Count 4 did not depend on its determination on Count 1, and the instructions properly reflected that the section 242 violation was specific to the civil right of liberty. More important, the instructions did not invite the jury to convict on conduct not charged in the indictment. As the defendants admitted during oral argument, the kidnaping identified in Count 4 of the indictment, as the means by which the defendants deprived Ong of his liberty, did not contain the same elements and was not the equivalent of the federal kidnaping crime charged in Count 1. Moreover, no other theory that could have served as the means for the deprivation, such as false arrest, was ever argued, or even mentioned, to the jury. Accordingly, the content of the supplemental instructions did not constitute plain error.

## B.

The defendant's second argument is that Rule 43 of the Federal Rules of Criminal Procedure required the trial judge to answer the jury's questions in open court, rather than by written transmittal. Pursuant to Rule 43, "[t]he defendant shall be present at ... every stage of the trial...." Fed. R.Crim.P. 43(a). Accordingly, it is settled law that the district court is required to follow the same procedure in giving supplemental instructions as in giving original instructions. *See, e.g., United States v. Bustamante*, 805 F.2d 201, 203 (6th Cir.1986). "[I]t [i]s error for the trial judge to respond to the jury's question other than in open court and in the presence of counsel for both sides." *Id.*

█ Here, the district court erred in failing to assemble the parties and the jury in the courtroom in order to render the supplemental instructions. However, as set forth *supra*, because the instructions were legally correct, the error in this case did not result in "a grave miscarriage of justice." *Piccolo*, 723 F.2d at 1241.

## III.

Accordingly, for the foregoing reasons, we **AFFIRM** the district court's orders of conviction.