United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-20543

LYNDSEY RESENDEZ

Plaintiff-Appellant

versus

WAL-MART STORES, INC.

Defendant-Appellee.

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 4:03-cv-1870)

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

We affirm for the following reasons:

1.     The 2000 amendment to Federal Rule of Evidence 103 instructs that a party does

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Page 1

not need to renew their objection or offer of proof once the court makes a definitive ruling. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002).

Since the matter of Wells' deposition was discussed in detail at the pretrial hearing, Resendez did not have to make a more particularized offer of proof to preserve error. However, Wells' deposition was not excluded because of any potential prejudicial effect, but rather because he had no knowledge of any fact of consequence to the determination of this case, i.e., crime statistics particular to Wal-Mart #285.

2.  Federal Rule of Civil Procedure 51 is clear that a party must object to jury instructions on the record, or else review is limited to plain error. Resendez did not object to the district court's response to the jury note. Supplemental instructions should be responsive to jury questions and allow the jury to understand the issues presented. *United States v. Stevens*, 38 F.3d 167, 170 (5th Cir. 1994). The district court's supplemental instruction did not compel any juror as to how he or she "should" vote. Thus, there is no error.

3.  The denial of a motion for new trial based on insufficiency of the evidence is reviewed for an abuse of discretion. *Polanco v. City of Austin*, 78 F.3d 968, 980 (5th Cir. 1996). Both Wal-Mart's expert and Resendez's expert analyzed the "calls for service" and reached different conclusions. Difference of opinion among experts is the opposite of an absolute absence of evidence supporting the jury's verdict. Thus, there is sufficient evidence to support the verdict.

Affirmed.