NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0400n.06
Filed: June 14, 2007

No. 06-5181

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| CLYDE JONES, | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF TENNESSEE |
|     Defendant-Appellant. | ) |

BEFORE:    KEITH, BATCHELDER, and MOORE, Circuit Judges.

**PER CURIAM.**  After a two-day trial, a jury convicted Defendant, Clyde Jones, of possession of crack cocaine with the intent to distribute more than 50 grams. He was sentenced to life imprisonment without the possibility of parole. Jones now appeals his conviction, contending that (1) the evidence was insufficient to convict, and (2) the district court's supplemental jury instruction was deficient. For the reasons below, we **AFFIRM**.

I

Armed with a warrant, Chattanooga law enforcement officers searched Jones's home on June 23, 2005 and, along with Jones and his girlfriend (Lakoya Weams), officers found 478 grams of crack cocaine throughout the home. Officers found: (1) a small bag of cocaine and digital scales in a purse in the bedroom; (2) a large quantity of cocaine and $13,849 in cash in a closet; and (3) another large quantity of cocaine in a shoe box. Jones admitted that the entirety of the drugs and

1

cash belonged to him. After waiving his *Miranda* rights, Jones signed a written confession to this effect. The waiver was prepared by one of the officers.

Hoping to recant his confession at trial, Jones testified that the drugs in fact belonged to Weams and he had confessed to ownership only "to protect" Weams's children from seeing their mother incarcerated. (JA 81-83.) Weams testified that Jones knew she sold drugs from his home, and she often relied on his protection while she conducted her illegal business. (JA 116.) (Jones's friends were also some of her clients.)

Based on this testimony, the Government requested that a standard aiding-and-abetting jury instruction be included in the jury charge. Jones's counsel did not object. After commencing deliberations, the jury sent the court a note, asking, "Can we the jury find the defendant guilty of aiding and abetting without believing the defendant guilty of possession of a controlled substance with the intent to distribute?" (JA 141.) With approval from the parties, the court responded: "You may find the defendant guilty of possession of a controlled substance with the intent to distribute it if you find beyond a reasonable doubt that he aided and abetted another person to commit the crime in accordance with the jury instructions." *Id.* The jury returned a guilty verdict, and Jones was sentenced to a life of imprisonment.

Jones appeals his conviction contending that (1) the evidence was insufficient to convict and (2) the aiding and abetting instruction was deficient. He does not take issue with his sentence.

II

## A. Sufficiency of the Evidence

"In determining the sufficiency of the evidence to support a guilty verdict 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any*

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Pearce*, 912 F.2d 159, 161 (6th Cir. 1990) (citation omitted).

Viewing the evidence in a light most favorable to the Government, there is sufficient evidence to allow a reasonable jury to find Jones guilty of possession with intent to distribute. First and foremost, Jones confessed to ownership of the drugs and signed a written confession to this effect. In an attempt to invalidate his signed confession, Jones argues that he "did not write his own confession." (Appellant's Br. 13.) However, it is unclear why this matters: Jones cites no precedent that requires defendants to write out their confessions. *See id.* Moreover, even if we were to disregard Jones's signed confession, the jury still heard testimony from officers to whom Jones verbally confessed ownership of the drugs, and the jury was permitted to credit those officers' testimonies in its calculation of Jones's guilt. *See United States v. Gibbs*, 182 F.3d 408, 424 (6th Cir. 1999). Moreover, Jones's excuse for falsely confessing — that he wanted to "save Ms. Weams from losing her children" (Appellant's Br. 15) — was within the jury's providence to evaluate, and we, as an appellate court, may not second guess the jury's credibility determination. *See Gibbs*, 182 F.3d at 424. Finally, there was sufficient evidence to permit the jury to permissibly infer Jones's intent to distribute the drugs based solely on the sheer amount of drugs—478 grams to be exact—found in his home. *See United States v. White*, 932 F.2d 588, 590 (6th Cir. 1991) (per curiam).

Under an alternative theory of guilt, there is sufficient evidence that Jones aided and abetted Weams in her unlawful endeavor, and thus is guilty as a principal. For example, based on Jones's and Weams's testimonies, the jury learned that Jones allowed Weams to run her illegal enterprise

3

from his home. He also provided Weams with protection during her drugs deals (which she relied on (JA 116-17)), as well as introduced her to potential clients (his friends). (JA 112-15.)

Hence, because Jones lawfully confessed to his possession of the large quantity of drugs and, in any event, because there was uncontested evidence of Jones's aiding and abetting of the possession of the drugs, we find that a reasonable jury could find Jones guilty of possession with intent to distribute.

## B. Supplemental Aiding and Abetting Jury Instruction

Next, Jones asserts that the trial court's supplemental instruction in response to the jury's note was in error. However, after a brief exchange with the court, Jones consented to the supplemental instruction at trial. (JA 141-43.) He now contends that "[t]he [c]ourt should have instructed the jury of the requisite intent required for an aider and abetter." (Appellant's Br. 18.) Because Jones failed to sustain this objection at trial, the Court reviews his objection for "plain error." *See United States v. Combs*, 33 F.3d 667, 669 (6th Cir. 1994). But, for there to be "plain error," there must be first an "error." *Id.* And, for the following reasons, there is none here.

Jones's only objection to the supplemental instruction—that the trial court should have instructed the jury on the requisite intent required for aiding and abetting—simply overlooks the depth of the court's instruction. In responding to the jury's question, the trial court stated, "You may find the Defendant guilty of possession of a controlled substance with the intent to distribute if you find, by beyond a reasonable doubt, that he aided and abetted another person to commit a crime *in accordance with the jury instructions*." (JA 141) (emphasis added.) The court's referral to "the [initial] jury instructions" was a permissible response to the jury's question, given that "the subject

of [the jury's] inquiry ha[d] been fully covered in the court's [initial] instructions." *See United States v. Nunez*, 889 F.2d 1564, 1569 (6th Cir. 1989).

And, had the jury referred to the initial instructions (as the court instructed), it would have found that "[it] may also find [Jones] guilty if he *intentionally* helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor." (JA 137) (emphasis added.) The jury also would have learned that the court's initial instructions said, "What the government must prove is that the defendant did something to help or encourage the crime with the *intent* that the crime be committed." *Id.* (emphasis added.) Hence, a reference to the initial jury instructions not only responded to the jury's inquiry, but also refutes Jones's objection in this appeal.

III

Accordingly, because we find sufficient evidence for a jury to convict Jones of possession of crack cocaine with the intent to distribute more than 50 grams, and because we see no error in the trial court's supplemental jury instruction, we **AFFIRM** Jones's conviction.