United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 07-20109
Summary Calendar

STEPHEN WAYNE KIRK,

Plaintiff - Appellant,

versus

REED TOOL COMPANY,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(4:05-CV-1128)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Stephen Wayne Kirk contests both a jury verdict in favor of Reed Tool and the denial of a new-trial motion. He claims the jury was improperly instructed with respect to his Family Medical Leave Act (FMLA) claim.

Kirk, a Reed Tool employee, suffers from chronic Hepatitis C. From 2001 to 2002, while employed at Reed Tool, he was granted several medical leaves-of-absence due to his condition. According

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

to Kirk, in November 2002, he began to receive a more aggressive treatment regime which caused him miss a number of work days. In April 2003, Reed Tool terminated Kirk's employment for numerous unexcused absences from the period of 1 to 15 April 2003. Kirk contends such absences were due to his illness.

In April 2005, Kirk filed this action, claiming interference with his rights under FMLA. Kirk contends Reed Tool unlawfully terminated him by: refusing to provide to him necessary sick-leave paperwork; and not allowing him to obtain the requisite medical certification within the 15-day minimum time period prescribed by FMLA. *See* 29 U.S.C. § 2613(a). This action was tried in November 2006, and the jury found in favor of Reed Tool. Kirk's December 2006 new-trial motion was denied.

Kirk's sole contention is that a jury instruction stated an incorrect statement of law under the FMLA and accordingly, imposed on him a higher burden of proof. Jury instruction challenges are generally reviewed for an abuse of discretion. ***Brown v. Parker Drilling Offshore Corp.,*** 410 F.3d 166, 179 (5th Cir. 2005). Reversible error occurs "only if the charge as a whole creates a substantial doubt as to whether the jury has been properly guided in its deliberations". ***C.P. Interests, Inc. v. Cal. Pools, Inc.,*** 238 F.3d 690, 700 (5th Cir. 2001). Here, however, as discussed *infra*, while Kirk may have objected to the original jury charge, he did *not* object to the supplemental charge. Therefore, our review

is only for plain error. FED. R. CIV. P. 51(d); *e.g., **Resendez v. Wal-Mart Stores, Inc.,*** 180 Fed. App'x 543, 543 (5th Cir. 2006); ***United States v. Combs***, 33 F.3d 667, 669 (6th Cir. 1994). Under this standard, this court has the discretion to reverse the jury verdict only if a clear or obvious error affected Kirk's substantial rights. ***Taita Chem. Co., Ltd. v. Westlake Styrene, LP.,*** 351 F.3d 663, 668 (5th Cir. 2003) (internal citation and quotation marks omitted).

Under the FMLA, an eligible employee is entitled to a total of 12 weeks of leave a year for, *inter alia*, a "serious health condition that makes the employee unable to perform the functions of the position of such employee". 29 U.S.C. § 2612(a)(1)(D). A serious health condition is any injury or illness that involves an inability to work for more than three consecutive days. *See* 29 C.F.R. 825.114(a)(2)(i). When, as here, the leave is unforeseeable, the employee bears the burden of providing notice to the employer of the need for medical leave, and must do so as soon as practicable, or "no more than one or two working days of learning of the need for leave, except in extraordinary circumstances where such notice is not feasible". 29 C.F.R. § 825.303(a). To prevail on a FMLA claim, Kirk must prove: (1) he was an eligible employee; (2) Reed Tool interfered with his rights under the FMLA; and (3) he was prejudiced by the interference. 29 U.S.C. §§ 2615, 2617(a)(1).

Jury Charge Question No. 2, which Kirk objected to at the charge conference, asked the jury to determine whether "Mr. Kirk's serious health condition [was] the cause of his missing work from April 1 ... through ... 15, 2003." Kirk objected that this question gave him a higher burden of proof; it required the jury to find he was absent due to a serious health condition for 15 full days, rather than the minimum three consecutive days under the FMLA.

During deliberations, the jury sent a note asking the court whether it must find Kirk was out "every single day" due to his condition. The court, after conferring with both parties in formulating a response, offered the following supplemental instruction:

> You may answer Question number 2 'yes' if you find that Mr. Kirk's serious health condition caused him to miss more than three days of work from April 1, 2003 through April 15, 2003; however, if you find that his serious health condition was the cause of his missing some but not all of the days of work between April 1, 2003, and April 15, 2003, then also state in your answer to Question number 2 the dates, i.e., April blank, blank, and blank, that his serious health condition caused him to miss from work.

The supplemental instruction was *not* objected to by Kirk; in fact, his counsel stated he "like[d] it". Accordingly, as discussed *supra*, the supplemental instruction is reviewed for only plain error.

4

Even assuming the original jury instruction was in error, the clarifying instruction was proper statement of the law as provided in 29 C.F.R. 825.114(a)(2)(i) and cured any prejudice; it gave the jury an opportunity to specify any absences related to Kirk's health condition, and any that were not. Had the jury found Kirk's medical condition caused his absence from work for at least three consecutive days, Kirk would have established his eligibility for leave under the FMLA. Here, however, the jury found that none of Kirk's absences were due to his health problems. Kirk has not shown reversible plain error. *See* ***Taita Chem. Co.,*** 351 F.3d at 668.

**AFFIRMED**

5