NOT RECOMMENDED FOR FULL–TEXT PUBLICATION
File Name: 09a0693n.06

No. 08–5294

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff–Appellee, | ) | **Oct 21, 2009** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TYSHAN WHEELER, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant–Appellant. | ) | |

Before: MARTIN and KETHLEDGE, Circuit Judges; and WATSON, District Judge.[*]

**MICHAEL H. WATSON, District Judge.** Defendant Tyshan Wheeler (hereinafter "Wheeler" or "Defendant") appeals his conviction for being a felon in possession of a firearm. Wheeler seeks review of the district court's admission of evidence of his other acts under an exception to Fed. R. Evid. 404(b) to prove Wheeler's knowing possession of a firearm, and, whether the district court's limiting instruction to the jury regarding the other acts evidence was sufficient. Finding no merit in Defendant's assignments of error, we **AFFIRM**.

**I. FACTS**

On June 15, 2006, the Athens, Georgia police department notified the Memphis, Tennessee police department that Wheeler was wanted in connection with an armed robbery. The Athens police

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

department told the Memphis police department that Wheeler was expected to drive from Athens to Memphis in a green Jeep Grand Cherokee and that the vehicle would likely be found at Wheeler's girlfriend Jenell Finley's Memphis apartment. Upon arrival at the apartment complex, Memphis police found Wheeler and Ms. Finley in a green Jeep Grand Cherokee. After obtaining consent from Ms. Finley, the owner of the car, police searched the vehicle and found a sawed-off shotgun in a bag in the back seat.

On October 25, 2006, a federal grand jury in Tennessee indicted Wheeler for one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) ("Count One"), and one count of knowingly possessing an altered, unregistered firearm, in violation of 26 U.S.C. § 5861(d) ("Count Two"). Wheeler pleaded not guilty to both counts.

Prior to trial, Wheeler filed a motion to exclude any evidence of his "prior bad acts" regarding the Athens robbery. The Government opposed the motion requesting the other acts evidence be allowed for the purpose of proving knowledge and intent, which are permissible purposes under Rule 404(b). ROA Gov't's Resp. to Def.'s Mot. to Exclude Evidence Vol. 1 at 20; ROA Mot. Hr'g Tr. Vol. 4 at 12-15. The district court held a hearing at which the Government argued the evidence was admissible under Fed. R. Evid. 404(b) to show knowledge because knowing possession could not be inferred from possession alone. Wheeler argued the prior bad acts evidence was unfairly prejudicial.

During the hearing the district court cited absence of mistake and identity as the grounds for allowing the other acts evidence. In its oral comments at the motion hearing, the Court stated:

> [the other acts] evidence bears directly on a critical element of proof, and it's being
> offered to show identity and absence of mistake, the court finds that, even though it

is highly prejudicial, under the circumstances that the government seeks to use it, it is not unfairly prejudicial. The court will give a limiting instruction to the jury. But the court believes that it would be grossly unfair to deny the government, to handcuff the government in presenting their case when the defendant is the one who is putting up a defense that he didn't know the gun was there. Because he is asserting that as his position, then the government should be able to put forward the proof that they have to show that it was he, the defendant, who was, in fact, in possession of a sawed-off shotgun less than 24 hours before the weapon was found in a vehicle in Memphis where he was one of the occupants. I – that is my preliminary ruling.

ROA Mot. Hr'g Tr. Vol. 2 at 21–22. The district court then issued a brief written order denying Wheeler's motion to exclude evidence.

The case proceeded to a jury trial. During trial two witnesses, Shedrick Wynn and Lindsey Booker, testified regarding the robbery in Athens, Georgia. Both witnesses' accounts of the events in Athens included a description of how Wheeler kicked in the door of Mr. Wynn's apartment in the middle of the night brandishing a sawed-off shotgun, wearing a mask, and demanding drugs and money. Ms. Booker offered testimony identifying Wheeler. She stated she knew Wheeler from her job at a club and that a few days prior to the robbery, Wheeler wanted to buy cocaine from her but she refused.

After the first witness testified, the district court issued a limiting instruction to the jury regarding the limited purpose for which the testimony was to be considered. The district court instructed the jury that, "[evidence of the Athens robbery is only relevant] for purposes of identity and absence of mistake [to prove] the element of knowing possession that's involved in this case." ROA Tr. Transcript Vol. 2 at 63–64. This oral instruction, however, directed the jury that the evidence could be considered for purposes other than knowledge and intent, as sought by the government.

The written jury instructions issued by the district court to the jury also included a limiting instruction regarding the other acts evidence. In its written jury instruction, the district court stated:

> You have heard testimony that the defendant is alleged to have committed some acts other than the ones charged in Counts One and Two of the indictment.
>
> You may only consider this evidence in deciding whether the defendant, Tyshan Wheeler, knowingly possessed in and affecting interstate commerce, the firearm, alleged in the indictment, in the Western District of Tennessee, after having been convicted of a felony. Do not consider it for any other purpose.
>
> Remember that the defendant is on trial here only for the charges contained in Counts One and Two, not for the other acts. In other words, Mr. Wheeler is not on trial for anything that allegedly happened in Georgia. Do not return a guilty verdict on the charges in the indictment unless the government proves the crimes charged beyond a reasonable doubt.

ROA Jury Instructions Vol. 1 at 48.

On October 4, 2007, the jury found Wheeler guilty of both counts. The district court sentenced Wheeler to 264 months imprisonment on Count One and 120 months imprisonment on Count Two to be served concurrently, and three years of supervised release following his term of imprisonment. This timely appeal followed.

## II.  STANDARD OF REVIEW

In reviewing a district court's admission or exclusion of evidence, the Court typically employs an abuse of discretion standard. *United States v. Mack*, 258 F.3d 548, 553 (6th Cir. 2001). When Rule 404(b) is at issue, however, a three-part test is applied: (1) the Court reviews for clear error the district court's factual determination that "other acts" occurred; (2) we then review *de novo* the district court's legal determination that the evidence was admissible for a proper purpose; and (3) finally we review for abuse of discretion the district court's determination that the probative

value of the other acts evidence outweighs the unfairly prejudicial effect. *United States v. Stephens*, 549 F.3d 459, 462 (6th Cir. 2008); *see also United States v. Rayborn*, 495 F.3d 328, 341 (6th Cir. 2007); *United States v. Perry*, 438 F.3d 642, 647 (6th Cir. 2006).

## III. ANALYSIS

### A. Admission of Evidence under Rule 404(b)

Federal Rule of Evidence 404(b) states in relevant part:

> (b) Other Crimes, Wrongs, or Acts – Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). Evidence admitted under Rule 404(b) is also subject to the balancing test of Rule 403 which provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403.

A district court must follow a three part inquiry for the admission of Rule 404(b) evidence:

> First, the district court must make a preliminary determination regarding whether there is sufficient evidence that the "other acts" took place. The district court must then determine whether those "other acts" are admissible for a proper purpose under Rule 404(b). Finally, the district court must determine whether the "other acts" evidence is more prejudicial than probative.

*United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004); *accord United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008). If the other acts evidence is admitted under Rule 404(b), a district court

must properly instruct the jury on the limited purpose for which the evidence is offered. *Bell*, 516 F.3d at 441.

In this case, when applying these components, the district court erred in admitting the evidence of the robbery to show absence of mistake or accident, as these were not in issue. The error, however, was harmless. Accordingly, Wheeler's conviction is affirmed.

*1. Sufficient Evidence that "Other Acts" Occurred*

Wheeler argues the district court never determined whether the other acts occurred, however, Wheeler admits "the government in this case was arguably able to meet this low threshold." Def.'s Br. at 12. The Government counters that the district court properly determined that the other acts took place because a jury could reasonably conclude Wheeler committed the other act of the robbery in Athens.

The Court reviews for clear error the district court's factual determination that other acts occurred. *Perry*, 438 F.3d at 647 (citing *United States v. Merriweather*, 78 F.3d 1070, 1074 (6th Cir. 1996)). To satisfy prong one of the test, the district court must determine whether sufficient evidence exists to support a finding by the jury that the defendant committed the other acts. *Bell*, 516 F.3d at 441 (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (the government is not required to demonstrate the other acts occurred by a preponderance of the evidence, instead a court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact by a preponderance of the evidence)).

In the instant case, the evidence of Wheeler's involvement in the Athens robbery included police reports and corroborating witnesses' testimony. In the district court, Wheeler did not contest

the fact that the robbery occurred or his involvement in the robbery. On appeal, Wheeler has likewise refrained from arguing that the evidence was insufficient to show he committed the Athens robbery. Instead, Wheeler merely contests the district court's factual conclusion that he committed the other acts without providing an analysis of such facts to establish that sufficient evidence existed to support a finding by the jury. Regardless of any purported lack of analysis, there was substantial, corroborating evidence of Wheeler's involvement in the Athens robbery. Accordingly, the district court's conclusion that sufficient evidence existed to show Wheeler's involvement in the Athens robbery was not clearly erroneous.

### 2. Admissible For Proper Purpose

Wheeler argues the district court admitted the other acts evidence for an improper purpose. Wheeler asserts that the Government's briefs and arguments during the oral hearing hinged on the admission of Wheeler's other acts in order to show knowledge and intent because knowing possession could not be inferred from possession alone in this case. Wheeler further states that the district court, however, did not admit the evidence for the reasons requested by the Government, but instead admitted the evidence for the purpose of proving identity and absence of mistake. Thus, Wheeler contends the district court incorrectly allowed the other acts evidence for purposes not in issue.

"To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide 'whether that evidence is probative of a material issue other than character.'" *United States v. Carney*, 387 F.3d 436, 451 (6th Cir. 2004) (quoting *Huddleston*, 485 U.S. at 686). "This requires a three part inquiry. Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the

evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Bell*, 516 F.3d at 441–42 (internal citations and quotations omitted).

The "government's purpose in introducing the evidence must be to prove a fact that the defendant has placed, or conceivably will place, in issue, or a fact that the statutory elements obligate the government to prove." *Merriweather*, 78 F.3d at 1076.

In this case, despite the Government's request that the other acts evidence be allowed for the purpose of proving knowledge and intent, the district court found the evidence of Wheeler's involvement in the robbery to be admissible to show absence of mistake and identity. We conclude the district court erred.

Absence of mistake or identity is one of the permissible purposes enumerated in Rule 404(b). For other acts evidence to be admissible for the purpose of showing absence of mistake or identity, however, the defendant must assert a defense based on some type of mistake or misidentification. *See United States v. Newsom*, 452 F.3d 593, 606 (6th Cir. 2006) (finding absence of mistake not to be a permissible purpose in a felon in possession case, when the defendant's only defense was that the gun was not his and that he did not know that it was under his seat); *United States v. Ward*, 190 F.3d 483, 489 (6th Cir. 1999) (rejecting absence of mistake as a permissible purpose for the admission of evidence when the defendant's "defense was not that she mistakenly thought she was selling powdered sugar instead of cocaine").

This case did not present any issue of absence of mistake or identity. It is uncontested that Wheeler's sole defense was that he knew nothing about the gun in the car and thus did not knowingly

possess[1] the gun. ROA Jury Instructions Vol. 1 at 47 ("I [the district court] shall provide you Mr. Wheeler's theory of the case. Mr. Wheeler submits that he did not knowingly possess a shotgun on June 15, 2006, in Memphis, Tennessee. He submits that he did not know the firearm was in the vehicle."); *see also* Appellee's Br. at 13; Appellant's Br. at 15. Wheeler did not argue that he was mistaken about it being a real versus a toy gun (*i.e.*, asserting mistake as a defense), nor did he assert that he was not the alleged person in the car (*i.e.*, challenging the issue of identity). Indeed, the Government did not even suggest Wheeler placed mistake or identity in issue. Instead, the disconnect occurred when the district court misconstrued the Government's request to allow the other acts evidence to prove knowledge and intent into a request to allow the other acts evidence to show absence of mistake and identity.

The district court errs when it fails to correctly identify the purpose for which evidence is being admitted under Rule 404(b). *See, e.g., Bell*, 516 F.3d. at 442 ("The district court erred in concluding that the evidence of Bell's prior convictions was admissible for the purpose of demonstrating absence of mistake or accident. This case did not present an issue of mistake or accident."). Since the district court erred in finding the evidence of the robbery was admissible for the purpose of demonstrating absence of mistake or identity, our Rule 404(b) analysis need not go forward.

**B. Harmless Error Inquiry**

---

[1] Possession of firearm by a convicted felon requires that the defendant knowingly possessed a firearm. Knowingly means "voluntarily and intentionally, and not because of mistake or accident." *United States v. Odom*, 13 F.3d 949 (6th Cir. 1994). *See generally* Sixth Circuit Pattern Jury Instructions § 12.01.

Despite the district court's admission of the evidence of the robbery to show absence of mistake or identity, neither of which were at issue, Wheeler is not entitled to a new trial if this error was harmless. "An error in the admission of evidence does not require granting a criminal defendant a new trial unless the error affects 'substantial rights.'" *United States v. DeSantis*, 134 F.3d 760, 769 (6th Cir. 1998) (quoting Fed. R. Crim. P. 52(a)); *accord Bell*, 516 F.3d at 447. "[W]e must take account of what the error meant to [the jury], not singled out and standing alone, but in relation to all that happened." *Murphy*, 241 F.3d 447, 453 (6th Cir. 2001) (quoting *United States v. Cowart*, 90 F.3d 154, 158 (6th Cir. 1996) (second alternation in original)). "An error is harmless unless one can say, with fair assurance that the error materially affected the defendant's substantial rights—that the judgment was substantially swayed by the error." *Id.*; *see also Kotteakos v. United States*, 328 U.S. 750, 765 (1946); *United States v. Johnson*, 27 F.3d 1186, 1194 (6th Cir. 1994) (concluding that erroneous admission of evidence under Fed. R. Evid. 404(b) was harmless error).

Here we find the error in the admission of the other acts evidence to be harmless. Although the district court referenced absence of mistake and identity as reasons for allowing the other acts evidence, it would have been properly admitted to show Wheeler's knowledge. The evidence was probative of an issue other than character, was offered by the Government for the admissible purpose of proving knowledge, the element at issue in this case, and was probative with regard to the purpose for which it was offered. Wheeler's defense was that he did not know the gun was in the car, and the Government asked that the other acts evidence be admitted to prove Wheeler's possession of the gun a mere 24 hours prior to his arrest. *See, United States v. Chesney*, 86 F.3d 564, 572–73 (6th Cir. 1996) (testimony about a prior robbery admissible under Rule 404(b) to establish knowing possession of firearm).

In regards to the jury instructions, the Sixth Circuit has emphasized the importance of careful jury instructions for Rule 404(b) evidence:

> To apply Rule 404(b) fairly, the district court must carefully identify, in its instructions to the jury, the *specific factor* named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is *material*, and warn the jurors against using the evidence to draw the inferences expressly forbidden in the first sentence of Rule 404(b).

*Newsom*, 452 F.3d at 606 (quoting *Johnson*, 27 F.3d at 1186) (emphasis added by *Newsom* court)).

In this case, we find the district court adequately instructed the jury on the purpose for which the other acts evidence was being admitted—to prove Wheeler knowingly possessed the firearm. The district court instructed that the evidence was being offered to establish "the element of knowing possession that's involved in this case." ROA Tr. Transcript Vol. 2 at 64. Any error regarding the purposes for admitting the evidence was mitigated by the written jury instruction which directed that the other acts evidence may only be considered "in deciding whether the defendant, Tyshan Wheeler, *knowingly* possessed . . . the firearm. . . . Do not consider it for any other purpose. . . . Remember that the defendant is on trial here only for the charges contained in Counts One and Two, not for the other acts. In other words, Mr. Wheeler is not on trial for anything that allegedly happened in Georgia." ROA Jury Instructions Vol. 1 at 48 (emphasis added).

Furthermore, Wheeler did not object to the jury instructions. If a defendant does not object to the jury instructions, this Court reviews the instructions under the "plain error" standard. *Newsom*, 452 F.3d at 605; *see also United States v. Sanderson*, 966 F.2d 184, 187 (6th Cir. 1992) ("Where a defendant fails to object to the jury instructions at trial, we review for plain error only."); Fed. R. Crim. P. 30(d) ("Failure to object [to the jury instructions] in accordance with this rule

precludes appellate review, except [for plain error] under Rule 52(b).").  "In the context of challenges to jury instructions, '[p]lain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice.'" *Newsom*, 452 F.3d at 605 (quoting *United States v. Combs*, 33 F.3d 667, 669 (6th Cir. 1994) (citation and quotation marks omitted) (alteration in *Newsom*)).

In the case at bar, the danger was that the jury would treat the testimony about the robbery as forbidden "propensity" evidence.  But the district court's written jury instruction addressed that concern by instructing the jury that the other acts evidence was only to be considered in relation to the element of knowing possession.  The district court expressly recognized that knowledge was the central issue, continuously focused the jury towards the knowledge element, and emphasized that the evidence pertaining to the Athens robbery was relevant only to prove the element of knowing possession.  We ultimately conclude any error related to the jury instruction was not plain and does not warrant the reversal of Wheeler's conviction.

**C.  *Res gestae***

The Court need not reach the issue of allowing this evidence under a *res gestae* theory.

**IV.  CONCLUSION**

For the foregoing reasons, we **AFFIRM** Wheeler's conviction.