NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0027n.06

No. 07-3194

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

FREDERICK JAMES AKINS,

    Defendant-Appellant.

_____/

**FILED**
**Jan 15, 2010**
LEONARD GREEN, Clerk

On appeal from the United States District Court for the Southern District of Ohio

BEFORE:    RYAN, COOK, and WHITE, Circuit Judges.

RYAN, Circuit Judge.    The defendant, Frederick James Akins, challenges his convictions for using or carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We find no basis for disturbing Akins's convictions, and therefore, will affirm the district court's judgment.

**I.**

Shortly after midnight on January 11, 2006, Akins was a passenger in a car being driven by Robert McKinney, in Columbus, Ohio. McKinney spotted a police car and motioned for the officers to pull up next to him so that he could show them that Akins, who was asleep, was cradling a loaded semi-automatic pistol (Tec-DC9) on his lap. Akins had his left hand on the barrel, and his right hand on the hand grip with his finger inside the trigger guard. McKinney pulled the car over and the officers motioned for him to exit the

vehicle.  The officers attempted to remove the gun from Akins while he was still asleep. Akins awoke and jerked the gun back toward his body, but after a few seconds, realized he was surrounded by police and surrendered the firearm.  After arresting Akins, the police found seven individually wrapped baggies of marijuana and $470 in cash on his person.

On February 2, 2006, a three-count indictment issued against Akins, charging him with: (1) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

Akins pleaded guilty to the possession of marijuana count and went to trial on the other two counts.  The jury returned a guilty verdict on both firearm counts.  The district court sentenced Akins to two terms of 37 months' imprisonment to run concurrently for counts one and three, and 60 months' imprisonment on count two to run consecutively to the first sentence.

## II.

Akins contends that the district court committed reversible error by misinstructing the jury on three occasions.

A district court enjoys broad discretion in instructing jurors, and ordinarily we will not reverse unless the instruction fails to accurately reflect the law.  United States v. Roberge, 565 F.3d 1005, 1009 (6th Cir.), cert. denied, 130 S. Ct. 331 (2009).

Where, as here, a defendant fails to object to jury instructions at trial, we review those instructions for plain error.  United States v. Vasquez, 560 F.3d 461, 470 (6th Cir.), cert. denied, 130 S. Ct. 476 (2009).  A defendant demonstrates plain error by showing: "(1)

there was an error that (2) was plain, (3) affected a substantial right, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Martin, 520 F.3d 656, 658 (6th Cir. 2008) (internal quotation marks and citations omitted). "Plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." United States v. Combs, 33 F.3d 667, 669 (6th Cir. 1994) (internal quotation marks and citations omitted).

**A.**

Akins argues that the district court plainly erred by failing to properly define the word "carry" as it related to 18 U.S.C. § 924(c)(1)(A)(i), making it a crime for anyone who "uses or carries a firearm" during a drug trafficking crime. The court instructed the jury: "The term carry means that the firearm is capable of being physically transported; a firearm may be carried even though it is not immediately available for use." The crux of Akins's argument is that the district court plainly erred because it did not explain that "carry" includes carrying a gun on one's person. The Supreme Court has defined "carry" to mean either carrying weapons directly on the person, or in the person's vehicle, including a locked glove compartment or trunk. Muscarello v. United States, 524 U.S. 125, 126-27 (1998).

Although the district court's instruction as to the meaning of the term "carry" was not as broad as it might have been, the ordinary, obvious, and plain meaning of "carry" would include holding a weapon with two hands on one's lap.

**B.**

Akins next argues that the district court plainly erred by instructing the jury on the third element of 18 U.S.C. § 924(c)(1)(A)(i), which makes it a crime to use or carry a firearm during and in relation to a drug trafficking offense. The district court instructed: "Third, that the use of the firearm was during and in relation to the crime charged in Count 1." Once again, the language of the court's instruction was not precisely correct; it should have included the term "carry" or "carrying." But viewing the jury instructions as a whole, earlier in its charge to the jurors, the court specifically stated that Akins was charged with "knowingly us[ing] or carry[ing] a firearm . . . during and in relation to a drug trafficking crime." The jurors were also instructed that Akins must have "knowingly used or carried a firearm," and the verdict form used the words "using or carrying a firearm during and in relation to a drug trafficking crime." We think the "use or carry" instructions were not plainly erroneous, and Akins fails to show that these instructions affected a substantial right.

## C.

Finally, Akins argues that the district court plainly erred because it did not define "in or affecting commerce" as it relates to a violation of 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 922(g)(1) and § 924(a)(2), it is unlawful for a convicted felon to possess any firearm that "has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). The district court instructed on this element: "Third, that the specified firearm had traveled in or affected interstate commerce." Akins argues that the district court should have offered more explanation of the element to the jury.

We hold that the district court's decision not to further define "affected interstate commerce" was not erroneous. There was no issue made of the "interstate commerce" element at the trial, no instruction defining the term was suggested by the defendant, and

no objection offered at trial.   Akins has not demonstrated that this instruction was erroneous.

## III.

For the foregoing reasons, we **AFFIRM** the district court's judgment.